In September 1997, defendant-appellant Deon Jackson was indicted on one count of murder with two specifications. After a jury trial, Jackson was found guilty of voluntary manslaughter with a gun specification. Thereafter, the trial court sentenced Jackson to serve ten years of incarceration for his voluntary-manslaughter conviction, the maximum term for the offense. The trial court also sentenced Jackson to serve one year of incarceration on the gun specification.
Jackson appeals the trial court's judgment and brings one assignment of error, in which he asserts that the trial court erred in sentencing him to the maximum term of imprisonment where it first failed to comply with R.C. 2929.14(B)'s requirements for imposing more than the minimum sentence upon an offender who has not previously served a prison term. We disagree.
R.C. 2929.14(B) provides in relevant part:
 Except as provided in division (C) * * * of this section * * *, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. [Emphasis added.]
And R.C. 2929.14(C), in turn, provides in relevant part:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *.
Although this court's previous decisions may have suggested that a trial court's failure to make the findings required by R.C.2929.14(B) and (C) when imposing a maximum term of imprisonment upon an offender who had not previously served a prison term amounted to reversible error,[1] in light of the express language of R.C. 2929.14(B), which renders the section inapplicable where an offender is sentenced to a maximum prison term under R.C. 2929.14(C), we must clarify these earlier pronouncements.[2] We now hold that where an offender who has not previously served a prison term is sentenced to a maximum term of imprisonment, where the imposition of that sentence is accompanied by the requisite finding under R.C. 2929.14(C), and where that finding is supported by the record, the trial court need not also make a separate finding under 2929.14(B) to justify its imposition of more than the minimum term of imprisonment.[3] Accordingly, in the instant case, the trial court's failure to make any verbal or written findings relative to R.C. 2929.14(B) did not amount to error given that the trial court's imposition of the maximum prison term was accompanied by a finding under R.C. 2929.14(C) that Jackson had committed the worst form of the offense, and given that the record supported this finding.
Therefore, we overrule Jackson's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Painter, P.J., Sundermann and Winkler, JJ.
Please Note:
The court has recorded its own entry on the date of the release of this Decision.
[1] See State v. Pierson (Aug. 21, 1998), Hamilton App. No. C-970935, unreported; State v. Shackelford (Oct. 23, 1998), Hamilton App. No. C-970889, unreported.
[2] Although a determination that findings were required under R.C. 2929.14(B) even where R.C. 2929.14(C) applied would have been flawed, reversal was nevertheless the correct result in the earlier cases given that the trial court failed to make any verbal or written findings under R.C. 2929.14(C) to support its imposition of the maximum prison term.
[3] See State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported; State v. Phipps (Feb. 25, 1999), Allen App. No. 1-98-69, unreported.